UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

THE RETIREMENT PLANNING GROUP, LLC d/b/a CETERA PLANNING PARTNERS, as successor in interest to AVANTAX PLANNINGPARTNERS, INC., and CETERA INVESTMENT ADVISERS LLC,

Plaintiffs,

- against -

MICHELE LEE,

Defendant.

--------------------------------------X

**MEMORANDUM & ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**

26 Civ. 9538 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On October 30, 2026, plaintiffs The Retirement Planning Group, LLC d/b/a Cetera Planning Partners and Cetera Investment Advisers LLC brought suit against their former employee, Michele Lee, who had resigned and opened her own investment advisory firm. ECF No. 1. Plaintiffs took the position that Lee had violated the restrictive covenants contained in her employment agreement. Plaintiffs also filed a proposed order to show cause, seeking a temporary restraining order and preliminary injunction. ECF No. 5. The Court scheduled a hearing on the temporary restraining order, and the parties engaged in expedited briefing in advance of the hearing. See ECF Nos. 6, 17, 21.

On November 5, 2026, the Court held the scheduled hearing. On the record, the Court rejected plaintiffs' request for a temporary restraining order. See ECF No. 24. The Court explained

that (1) plaintiffs had not established a likelihood of success on the merits because the two-year noncompete agreement was likely unenforceable due to its length and breadth and because defendant may have had "Good Reason" under her contract to terminate her employment; (2) plaintiffs had not established irreparable harm because, although the rule in the Second Circuit is that loss of customer relationships and goodwill is generally irreparable, in this case money damages could be easily calculated; (3) the balance of hardships favored the defendant, because (a) her book of business was a miniscule portion of plaintiffs' overall assets under management, (b) five years had already passed since plaintiffs acquired defendant's advisory business, and (c) the requested relief would put defendant out of business; and (4) the public interest favors the rights of individuals to select their investment advisor and thus weighed against granting plaintiffs' requested relief. Further, the Court was reassured by defendant's counsel's representation that defendant would return all of plaintiffs' documents in her possession and abide by her employment agreement's nonsolicitation and confidentiality provisions, which defendant maintains she has not violated.

Additionally, the Court granted plaintiffs' request for limited expedited discovery for the purpose of developing the record further for a potential preliminary injunction hearing.

Dated: New York, New York
November 16, 2026

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE